UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARTHUR HICKS, | ) | 1:08-CV-00796 GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| T. BELAVICH, Healthcare Manager, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| Respondent. | ) | TO SEND PETITIONER BLANK FORMS |
| | ) | FOR FILING A CIVIL RIGHTS ACTION |

On June 9, 2008, Petitioner filed a petition for writ of habeas corpus in this Court, and the matter was assigned to the undersigned. Petitioner filed returned a consent/decline form indicating consent to Magistrate Judge jurisdiction on June 24, 2008.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

1 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes
2 to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to
3 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
4 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at
5 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

6      In this case, Petitioner claims prison staff have wrongfully failed to return to him a pair of
7 eyeglasses. Petitioner is challenging the conditions of his confinement, not the fact or duration of
8 that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
9 dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights
10 complaint pursuant to 42 U.S.C. § 1983.

11      **ORDER**

12      Accordingly, IT IS HEREBY ORDERED:

13      1) The Petition for Writ of Habeas Corpus is DISMISSED;

14      2) The Clerk of Court is DIRECTED to enter judgment in this matter; and

15      3) The Clerk of Court is DIRECTED to send Petitioner blank forms for filing a civil rights
16 action pursuant to 42 U.S.C. § 1983.

17

18      IT IS SO ORDERED.

19      Dated:   **July 14, 2008**               **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE

20
21
22
23
24
25
26
27
28